## SCHWARZ BROTHERS CO.
*vs.*
## CHARLES H. PATRICK, ET UX.

Court of Common Pleas     Fairfield County     File No. 40689

MEMORANDUM FILED JANUARY 18, 1940.

*Bartlett, Keeler & Cohn,* of Bridgeport, for the Plaintiff.

*Samuel J. Tedesco,* and *Friedman & Friedman,* of Bridgeport, for the Defendants.

DWYER, J. This action was originally brought to a justice of the peace, and thence by stipulation of the parties, to the City Court of Bridgeport on a transfer on November 10, 1938. After a trial, a judgment was entered in favor of the plaintiff and against the "defendant" on July 3, 1939. On July 11th, the defendants filed an appeal to this court, "returnable to the first Tuesday of September, 1939," and a bond for costs was filed at or about the same time. The plaintiff has filed a motion to dismiss the appeal on the ground that it should have been taken to the Supreme Court of Errors and not to this court, in view of the provisions of section 1364e of the 1939 Supplement to the General Statutes.

The present case differs from *Caponera vs. Lazio Society,* 7 Conn. Sup. 388, only in the fact that the judgment in the case cited was entered on June 28, 1939 (being prior to the effective date of the statute referred to) whereas the judgment in this case was entered after such effective date. This difference does not lead to a different result, however.

Section 1364e provides that appeals from civil judgments in any city court in a city having a population of 15,000 or more according to the 1930 census, may be taken to the Supreme Court of Errors. Section 5442 of the General Statutes, Revision of 1930, providing for appeals to this court from judgments entered in city, town or borough courts, was superseded by section 1646c of the 1935 Cumulative Supplement to the General Statutes, which was adopted in 1935. The latter act was expressly repealed in 1939 by section 1397c of the 1939 Supplement to the General Statutes, leaving section 1364e, a part of the Minor Courts Act, as the only statute providing for appeals from the so-called minor courts. Section 1370e, which is also a part of said act, provides that the new act shall not affect the jurisdiction of any city court to proceed with any matter pending before it on July 1, 1939 to final (sic) judgment, and it is couched in such language as to indicate a legislative intent that it shall apply to any case which has gone to judgment since the effective date of the act.

As the City of Bridgeport had a population in excess of 15,000 according to the 1930 census, it follows that all appeals from the City of Bridgeport, in civil cases, must be taken to the Supreme Court of Errors. The use of the permissive "may" in section 1364e relates to the right of the disappointed litigant to pursue an appeal and does not allow such litigant to choose

whether to take the case to this court for a trial *de novo* or to the Supreme Court of Errors for a review of questions of law.

The motion to dismiss is granted.